THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES SMITH *et al.*, Defendants—(WILLIAM V. HOPF, State's Attorney, Appellant.)

(No. 71-138; ▮▮▮▮▮▮▮▮

Second District—May 17, 1972.

William V. Hopf, State's Attorney, of Wheaton, (Ralph J. Gust, Jr., and Daniel W. Burke, Assistant State's Attorneys, of counsel,) for appellant.

Allan J. Marco, Special Assistant State's Attorney, of Downers Grove, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Appellant, the State's Attorney of Du Page County, was held in contempt of court, fined twenty-five dollars and now appeals.

The State brought an action against two defendants on four counts of burglary. After a finding of guilty, the defendants made a written motion for production requesting that the court direct the State to make available to defense counsel "the totality of information relating to these defendants and the charges for which they were convicted, whether in the files of the State's Attorney's Office or other agencies of the government." In support of this request, three cases were cited wherein the United States Supreme Court held that the State cannot validly obtain a conviction through the use of false evidence or testimony. (See, *e.g.*, *Napue v. Illinois* (1959), 360 U.S. 264.) Based upon the written motion and arguments of counsel (which we do not have before us), the State was ordered to make available to the trial judge all files or any other written or recorded matter in possession of the State's Attorney or any other agencies of government. In the order, the judge stated that he would peruse the information, would not disclose the contents unless he found evidence of false or perjured testimony being used against the defendants or the withholding of material evidence which could have changed the jury's verdict and that the files would ultimately be returned to the State's Attorney.

The State filed a motion to vacate (which is not in the record but is mentioned in the report of proceedings) and arguments on this motion were heard at the sentencing hearing. The motion to vacate was denied and the State was given five days to comply, after which time the State's Attorney appeared before the judge and informed him that the State would not comply with the order. He was thereupon held in contempt and fined.

■■ Although the issue is not raised by either side, we note that in testing the validity of the contempt finding we may reach the validity of the underlying production order (*Stimpert v. Abdnour* (1962), 24 Ill.2d 26, 27; *Kemeny v. Skorch* (1959), 22 Ill.App.2d 160, 162-163; *Hanley v. James McHugh Construction Company* (7th Cir. 1969), 419 F.2d 955, 956-957), and if the production order was erroneous, the judgment of contempt must be reversed. See, *People v. Ryan* (1964), 30 Ill.2d 456; *Koch v. Mettler* (1964), 49 Ill.App.2d 251.

■■ Of record, the written motion is the sole basis for the production order. We do not have before us any evidence received on the motion or the arguments of counsel. Therefore, any valid basis for the order must be derived from facts within the written motion. The motion contains

no factual allegations, merely the request (as quoted above) together with citations of cases concerning the use of false testimony. No allegations of fact were pleaded or proved which indicate that there was false testimony or evidence used in obtaining the convictions or that the State withheld favorable evidence from the defense. We must conclude that the production order was entered upon a mere request which, in and of itself, is insufficient to compel the examination of the State's entire file.

To allow such a broad post-trial production order, based solely upon a request, would be to condone "fishing expeditions" in which all defendants could engage *pro forma*. Permitting the trial judge, rather than defense counsel, to examine the complete file will not alter the resulting situation.

The judgment is reversed.

Judgment reversed.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.