THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. MARVIN MANLEY, Defendant—(WILLIAM V. HOPF, State's Attorney, Contemnor-Appellant.)

(No. 72-266;

Second District—May 15, 1974.

William V. Hopf, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for appellant.

Ronald Civinelli, of Addison, and Daniels, Hancock & Daniels, of Elmhurst, for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The State's Attorney of Du Page County was adjudged in contempt of court upon his failure to comply with certain portions of the trial court's order for pretrial discovery in a felony case. (Ill. Rev. Stat. 1971, ch. 110A, par. 412.)[1] He appeals, claiming that the discovery order underlying the

---

[1] Supreme Court Rule 412 as here applicable provides:
"DISCLOSURE TO ACCUSED
    (a) Except as is otherwise provided in these rules as to matters not subject to disclosure and protective orders, the State shall, upon written motion of defense counsel, disclose to defense counsel the following material and information within its possession or control:
      (i) the names and last known addresses of persons whom the State intends to call as witnesses, together with their relevant written or recorded statements, memoranda containing substantially verbatim reports of their oral statements, and a list of memoranda reporting or summarizing their oral statements. Upon written motion of defense counsel memoranda reporting or summarizing oral statements shall be examined by the court *in camera* and if found to be substantially verbatim reports of oral statements shall be disclosed to defense counsel;
      (ii) any written or recorded statements and the substance of any oral statements made by the accused or by a codefendant, and a list of witnesses to the making and acknowledgment of such statements;
          *   *   *
    (f) The State should ensure that a flow of information is maintained between the various investigative personnel and its office sufficient to place within its possession or control all material and information relevant to the accused and the offense charged.
    (g) Upon defense counsel's request and designation of material or information which would be discoverable if in the possession or control of the State and which is in the possession or control of other governmental personnel, the State shall use diligent good faith efforts to cause such material to be made available to defense counsel; and if the State's efforts are unsuccesful and such material or other governmental personnel are subject to

contempt is invalid. See *People v. Smith* (1972), 5 Ill.App.3d 429, 430.

The State's Attorney contends that the following portions of the pretrial discovery order are invalid:

"4. The State shall immediately cause to be reduced to memoranda any substantially verbatim reports of oral statements of persons they intend to call as witnesses that have not been so reduced to memoranda and of which the State has knowledge and these memoranda are included in paragraph No. 1 of this Amended Order.

5. The State shall immediately cause to be reduced to memoranda any reports or summaries of oral statements of persons they intend to call as witnesses that have not been so reduced to memoranda and of which the State has knowledge and these memoranda are included in paragraphs Nos. 1, 2, and 3 of this Amended Order.[2]

6. The word 'witnesses' * * * means all persons who the State, at the time of submitting answers in compliance of this order, intends to call as a witness, whether in their case-in-chief or at any other stage of the trial of the case.

---

the jurisdiction of the court, the court shall issue suitable subpoenas or orders to cause such material to be made available to defense counsel.

(h) DISCRETIONARY DISCLOSURES. Upon a showing of materiality to the preparation of the defense, and if the request is reasonable, the court in its discretion may require disclosure to defense counsel of relevant material and information not covered by this rule."

[2] The referenced paragraphs provided:

"1. The State shall disclose and deliver to the defense counsel within fourteen days, in written form, the names and last known addresses in its possession or control of all persons whom the State intends to call as witnesses, together with copies of their written statements, their recorded statements and memoranda containing substantially verbatim reports of their oral statements.

2. The State shall disclose and deliver to the defense counsel within fourteen days, in written form, a list of memoranda containing reports or summaries of oral statements in its possession or control of all persons the State intends to call as witnesses. The list must contain the name of each witness making such oral statement and must indicate that each such report or summary is regarded by the State to contain a 'not substantially verbatim report' of the oral statement.

3. If the State has in its possession or control, any memoranda containing any reports of oral statements of persons they intend to call as witnesses and the State does not feel said memoranda contains any 'substantially verbatim reports' of said oral statements, the State shall submit said memoranda to the Court within fourteen days. If defense counsel then so requests, by written motion, the Court shall make an 'in-camera' examination of said memoranda. If the Court determines the memoranda does contain 'substantially verbatim reports' of an oral statement, the memoranda shall be immediately disclosed to the defense counsel by the Court with notice to the State but without any hearing."

7. The State shall disclose and deliver to defense counsel within fourteen days, in written form, any written statements, any recorded statement and the substance of any oral statement in its possession or control made by the defendant, whether or not reduced to writing or memoranda and regardless of to whom said statements were made. The State shall further disclose and deliver to defense counsel within fourteen days, in written form, a list of all witnesses in its possession or control to the making and acknowledging of such statements as referred to above in this paragraph.

\* \* \*

16. That the defendant's motion for the Court to examine the entire State file 'in-camera' to determine if the State has complied with the Court's discovery order to disclose and direct any matter or information within it's possession or control which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce his punishment therefore, is hereby granted. However, the Court specifically reserves it's ruling as to when the State's file is to be examined 'in-camera'."

Paragraphs 4 and 5 of the court's order, in substance, require that the State reduce to memoranda relevant non-verbatim as well as relevant verbatim oral statements of witnesses the State intends to call. If the statements are verbatim, the State is ordered to deliver them to the defense; if non-verbatim, the State must deliver those which it claims to be non-verbatim to the court for an "in-camera" inspection to verify its claim.

The State's Attorney first argues that Supreme Court Rule 412(a)(i) neither requires that he reduce oral statements or interviews of witnesses to writing nor that memorandum or notes be prepared to preserve the statements or interviews.

He contends that the rules have been complied with since defendant has been provided with a list of witnesses together with any and all relevant written statements, recorded statements or memoranda containing substantially verbatim reports of their oral statements, and a list of memoranda reporting or summarizing their oral statements. He further notes that if the defendant deems it necessary he may inquire of each of these witnesses as to any oral statements they may have made to anyone from which he may prepare his own written memoranda. He concludes that the Supreme Court did not intend to require in the new discovery rules that which was not required under the prior rules.

■■ The State argues that it is not required to provide a reporter at grand jury proceedings (*e.g., People v. Aughinbaugh* (1967), 36 Ill.2d 320, 324-325. See also *People v. Colletti* (1968), 101 Ill.App.2d 51, 58;

*People v. Lentz* (1972), 8 Ill.App.3d 41, 43-44); and police officers have no duty to reduce all investigative findings to writing. (*People v. Patterson* (1971), 2 Ill.App.3d 902, 274 N.E.2d 467, 472, Supplemental Opinion, 2 Ill.App.3d 902, 276 N.E.2d 354. By analogy, it is concluded that the State is under no duty to record or otherwise reduce to writing the substance of an oral statement of a witness or the substance of an interview with a witness that he intends to call at trial.[3]

From the record it appears that the State's Attorney advised the trial court that it had an oral statement, an admission by the defendant not made to a police officer; that it intended to use the statement at trial; and that it had no intention of disclosing it to the defense. The record also reveals that the Assistant State's Attorney stated in oral argument, "in criminal law there is absolutely no justice served by getting everything out in the open". Further, the trial judge specifically noted in his memorandum of decision that the State had advised him in oral argument that it was a practice of the State's Attorney's office not to reduce substantially verbatim reports of oral statements to writing in order to surprise the defense at trial.

None of the Supreme Court Rules on discovery in felony cases (Ill. Rev. Stat. 1971, ch. 110A, pars. 411-415) specifically state that oral statements in the prosecutor's (or defendant's) possession or control must be reduced to writing. (See, *e.g.*, Supreme Court Rule 413). Whether this requirement may be found by any language in the Rule requires an analysis of the words used and the purposes sought to be accomplished.

Under paragraph 412(f) of the Rules, the prosecutor has a duty to maintain a flow of information between its office and investigating personnel to insure possession and control of all relevant information. Defendant Manley argues that this duty would be nullified if the State is not required to reduce to writing information it has or is entitled to secure.

However, we are not persuaded that by the language used it was intended that all relevant information must be reduced to writing. The formulation of the Rule "means especially that the State should not discourage the flow of information to it from investigative personnel in order to avoid having to make disclosure." S.H.A. ch. 110A, par. 412(f), Committee Comments.

■ ■ The court's authority to insure a fair trial by preventing avoidance of discovery is implemented by the provisions of paragraph 412(h) which

---

[3] The State's Attorney has conceded his obligation to disclose evidence favorable to the accused, "no matter by what route the existence of the favorable evidence becomes known to him". (Ill. Rev. Stat. 1971, ch. 110A, par. 412(c)). See *People v. Bracy* (1973), 14 Ill.App.3d 495, 502.

authorizes it to order discovery in appropriate cases not totally covered by Rule provisions 412(a)-(g). (S.H.A. ch. 110A, par. 412(h), Committee Comments.) This discretionary provision was intended to have a small scope (see 1971 U. Ill. L.F. 557, pages 576-577, and 581). However, its implementation seems particularly appropriate in the circumstances of this case.

Here the information ordered to be disclosed is an unrecorded statement of the defendant, specifically requested by him, and which, but for the practice of not reducing the statement to writing, would have been available for discovery pursuant to the express provisions of the Rules. (See *People v. Bassett* (1974), 56 Ill.2d 285, 288-292.) Therefore, the fact that the statement in question was not given to a police officer does not absolve the State from its duty to disclose material subject to the jurisdiction of the court under Rule 412(g). See S.H.A. ch. 110A, par. 412(g), Committee Comments.

■■ In our view, neither the defense nor the prosecution should be allowed to avoid discovery rules by a studied practice of failing to reduce otherwise discoverable information to writing. When the trial court determines within its discretion that the reason for the failure to reduce such a statement to writing is to avoid discovery, it may properly order that the statement be reduced to writing. However, in absence of the known presence of discoverable statements, neither the State nor the defense should bear the unreasonable burden of reducing all of its investigative information to writing. The application of the discovery rules as a whole and the solutions available, including the preclusion of evidence wrongfuly withheld, will sufficiently insure a fair trial.

■■ The order below is therefore proper in its requirement that the specific known statement of an admission by defendant be reduced to memorandum; but the blanket order to reduce to memorandum any reports or summaries of oral statements of persons intended to be called as witnesses is overbroad and invalid.

The State contends that paragraph 6 of the court's order is also invalid because it requires that rebuttal witnesses be disclosed. It argues that Supreme Court Rule 412(a)(i) enlarges the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 114—9(a), (c)) (which provides the State must produce a list of intended witnesses) only by the additional requirement of disclosing the prior statements of the witnesses. See *People v. Moses* (1957), 11 Ill.2d 84, 88-89; S.H.A. ch. 110A, par. 412 (a)(i), Committee Comments.

Previously the criminal code provision did not apply to rebuttal witnesses. (*People v. Holiday* (1970), 47 Ill.2d 300, 304.) The Committee Comments to Rule 412(a)(i) conclude: "Nothing herein changes the

types of material that are to be provided; only the time of their disclosure is changed." Therefore, the State concludes, the Rule was not intended to include rebuttal witnesses within its scope. We agree, as a general proposition. *People v. Porter* (1973), 13 Ill.App.3d 893, 899; *People v. Howze* (1972), 7 Ill.App.3d 60, 68.

However, the requirement that a list of intended witnesses must be furnished applies in its terms to all witnesses without reference to the time a party intends to call them whether in chief or in rebuttal. It is obvious, however, as a practical matter, that the relevancy of the testimony of the rebuttal witness and of his statement may not be known until the State is informed of the direction of defendant's case after response by the defendant to the State's discovery request. Nonetheless, once the intent is formed to call a witness or to utilize his statement, the identity of the relevant witness and his statement should fall within the prosecutor's continuing obligation of disclosure under Supreme Court Rule 415(b) (Ill. Rev. Stat. 1971, ch. 110A, par. 415(b)). If the intention to call the witness is formed at trial rather than before trial, the court should exercise its discretion to extend to the defense every reasonable safeguard to preclude surprise in the conduct of the trial. See *People v. Porter*, 13 Ill.App.3d 893, 899.

■■ Here, the State's Attorney admittedly was aware before trial of an alleged admission by the defendant. It would seem obvious that he had formed the intent to call the witness at the time it responded to the discovery motion. But in any event, if the State does not form the intent until after the defendant has responded to the State's discovery motion, it should then be obliged to disclose. Disclosure may not be avoided merely by labeling a witness a rebuttal witness, and the court's order properly included rebuttal witnesses once they are intended to be called.

The State also argues that paragraph 16 is invalid. By that provision the court granted defendant's motion to examine the State's entire file "in-camera" to determine whether compliance had been made with the order to disclose any matter or information within the State's possession or control which tends to negate the guilt or to reduce the punishment of defendant.

Supreme Court Rule 412(a)(i) specifies that memoranda summarizing oral statements be examined by the court "in-camera" and if found to be substantially verbatim reports of oral statements then they shall be disclosed to the defense. The State contends that an "in-camera" inspection to determine generally whether the State's file contains exculpatory material is not authorized by the rule except upon a proper showing of good cause and materiality to the preparation of the defense. We agree.

■■ The State is required to furnish the memoranda of the oral state-

ment to be reduced to writing in accordance with this opinion directly to defense counsel if it is substantially verbatim. If, on the other hand, the State concludes that the memoranda is not substantially verbatim, then on written motion of defense counsel the statements shall be examined by the court *in camera* as provided in Supreme Court Rule 412 (a)(i).

Beyond this requirement, however, the provisions of paragraph 16 which grant defendant's motion for an *in camera* inspection by the court of the entire State file are invalid since no showing has been made that material evidence exists which the State has withheld. See *People v. Smith,* 5 Ill.App.3d 429, 431; *People v. Brown* (1971), 131 Ill.App.2d 669, 677; *People v. Frazier* (1971), 2 Ill.App.3d 639, 642.

The refusal of the State's Attorney to obey the trial court's discovery order, including that portion which we have held is properly within the court's discretion, appears to have been a good faith effort to determine the scope of permissible pre-trial discovery. Accordingly the order is affirmed in part and reversed in part and the cause remanded with directions to vacate the contempt judgment and the fine imposed upon compliance with the discovery herein ordered. See *People v. Endress* (1969), 106 Ill.App.2d 217, 224.

Judgment affirmed in part and reversed in part and cause remanded with directions.

T. MORAN, P. J., and GUILD, J., concur.