THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ARTHUR LEE JARRETT, Defendant-Appellant.

(No. 73-59;

Second District—August 19, 1974.

*Rehearing denied October 9, 1974.*

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz, of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

Arthur Lee Jarrett was convicted of burglary and theft and was sentenced to not less than 1 nor more than 5 years in the penitentiary.

The facts, in brief, are as follows: Following a burglary at T. M. Peters Firestone Corporation store in Rockford, Illinois, on October 17, 1971, the defendant was arrested with others and charged with having burglarized the store and having removed several portable television sets.

It appears from the record that immediately preceding the start of the trial the following colloquy took place in open court:

"MR. WADE: (State's Attorney) The second motion, we have provided a list of witnesses and all police reports ruled upon by Judge O'Sullivan. We have furnished a Motion for Discovery on the Defendant for disclosure to us, and he has disclosed to us orally.

MR. BEU: (Defense Counsel) I think, as far as I know, everything has been complied with."

At the trial the defendant used an alibi as a defense and in rebuttal of the alibi testimony, the State introduced the testimony of two police officers who claimed to have seen the defendant elsewhere than where the alibi witnesses placed him at about the time of the crime. Defendant's counsel objected to the testimony of the two officers because he had not been given any notice of the State's intention to call such witnesses. He was overruled and the police officers testified, over strenuous objection and motion for mistrial by defendant's counsel.

On this appeal defendant contends that inasmuch as the record indicates that the defense gave the State the information necessary to comply with the statute regarding notice of the defense of alibi and the alibi witnesses proposed to be used that the State cannot introduce rebuttal wit-

nesses without having given the defense similar notice. The defendant further contends the court was in error in allowing the rebuttal witnesses to testify and in overruling the defendant's motion for a mistrial on the basis of the prejudicial testimony of the rebuttal witnesses, introduced without previous notice.

The defendant concedes that the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 114—14) requires that the defense give the State notice of an alibi defense and of the witnesses to be used in such defense, and section 114—9 of the Criminal Code states that with regard to reciprocity of discovery such reciprocity shall not extend to rebuttal witnesses, but the defense contends that by reason of such lack of reciprocity, the said statute is unconstitutional. Since this statute exempted the State from giving the same notice to the defense regarding rebuttal witnesses which the defense was required to give to the State as to its alibi witnesses, the defense contends it was prejudiced by this statute in the conduct of the defense.

While our supreme court considered and rejected a similar argument assailing these same sections of the Code of Criminal Procedure as being in violation of due process in the case of *People v. Holiday* (1970), 47 Ill.2d 300, that case was decided before the United States Supreme Court decision in *Wardius v. Oregon* (1973), 412 U.S. 470, 37 L.Ed.2d 82, 93 S.Ct. 2208. In the *Holiday* case, the Illinois Supreme Court adverted to the decision of the United States Supreme Court in *Williams v. Florida* (1970), 399 U.S. 78, 26 L.Ed.2d 446, 90 S.Ct. 1893, which held the Florida notice-of-alibi statute did not contravene due process by excluding certain proferred testimony of the defendant since, the court noted, discovery of alibi witnesses and rebuttal witnesses was fully reciprocal under the Florida statute. A footnote suggested the court's holding might be different where the statute in question did not provide such reciprocity. The Illinois Supreme Court in *Holiday* held there was substantial reciprocity under the Illinois statute and that it was within the United States Supreme Court's holding in *Williams*. (It should be noted, however, that in *Holiday* our Supreme Court in upholding the Illinois statute's exclusion of rebuttal witnesses from its purview did comment, at page 304: "Provision for discovery of alibi-rebuttal witnesses would act to further implement the concept of a trial as a search for the truth, and we commend the matter as an appropriate subject for consideration by the General Assembly.")

In the *Wardius* case the Oregon statute was not reciprocal as to the State's witnesses and the rebuttal witnesses, and following its suggestion in the footnote in the *Williams* case, the Supreme Court held (412 U.S. 470, 472), "[T]he Due Process Clause of the Fourteenth Amendment for-

bids enforcement of alibi rules unless reciprocal discovery rights are given to criminal defendants. Since the Oregon statute did not provide for reciprocal discovery, it was error for the court below to enforce it against petitioner, and his conviction must be reversed."

In the case before us it was contended by the State in oral argument that the same result need not necessarily follow in this case because there is no real evidence that the Illinois statute governing alibi rules actually prejudiced the defendant since the record does not clearly indicate that the defendant, pursuant to such rules, did comply with its mandate in furnishing the required information in advance as to alibi witnesses. However, in view of the statement of the State's Attorney that "he [defendant] has disclosed to us orally"; the immediately following uncontradicted remark of the defense counsel, "I think, as far as I know, everything has been complied with", and the State's failure to object to the introduction of alibi witnesses, we may assume that the State was given the information required in advance. Therefore, it is reasonable to assume that the introduction of surprise rebuttal witnesses may have worked to the prejudice of the defendant.

Pursuant to leave from the court to cite additional authority, the defendant has filed with the court the recent opinion of this court in *People v. Manley* (1974), 19 Ill.App.3d 365, and the opinion of the Fourth District in the case of *People v. Cline* (1974), 19 Ill.App.3d 446. In the *Manley* case, Seidenfeld, J., speaking for this court approved of the broad principle of reciprocal discovery, stating at page 371: "However, the requirement that a list of intended witnesses must be furnished applies in its terms [referring to the terms of Supreme Court Rule 412(a)(i)] to all witnesses without reference to the time a party intends to call them whether in chief or in rebuttal."

Originally, in *People v. Cline* (1972), 8 Ill.App.3d 917, the Fourth District upheld the constitutionality of the Illinois alibi statute in affirming the trial court's ruling excluding the testimony of a witness for failure to comply with the statute. On petition for *writ of certiorari* to the United States Supreme Court, that Court granted *certiorari* to review the judgment and entered the following order:

> "The motion for leave to proceed in *forma pauperis* and the petition for a *writ of certiorari* are granted. The judgment is vacated and the case is remanded to the Appellate Court of Illinois, Fourth District, for further consideration in light of *Wardius v. Oregon,* 412 U.S. 470 (1973). Mr. Justice Douglas would grant *certiorari* and set the case for oral argument."

Thereupon, the Fourth District Appellate Court, interpreting the facts of the *Cline* case in the light of *Wardius, supra,* held that section 114—14

of the Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, par. 114—14) is unconstitutional, reversed its original opinion and granted Cline a new trial.

 We do not agree that section 114—14 of the Code of Criminal Procedure is unconstitutional. As interpreted by this court in *People v. Manley, supra,* the requirement in Rule 412(a)(i) that the State must produce a list of intended witnesses applies in its terms to all witnesses without reference to the time a party intends to call them, whether in chief or rebuttal. The court goes on to say:

> "It is obvious, however, as a practical matter, that the relevancy of the testimony of the rebuttal witness and of his statement may not be known until the State is informed of the direction of defendant's case after response by the defendant to the State's discovery request. Nonetheless, once the intent is formed to call a witness or to utilize his statement, the identity of the relevant witness and his statement should fall within the prosecutor's continuing obligation of disclosure under Supreme Court Rule 415(b) (Ill. Rev. Stat. 1971, ch. 110A, par. 415(b)). If the intention to call the witness is formed at trial rather than before trial, the court should exercise its discretion to extend to the defense every reasonable safeguard to preclude surprise in the conduct of the trial. See *People v. Porter,* 13 Ill.App.3d 893, 899." (19 Ill.App.3d at 371.)

In *Wardius v. Oregon, supra,* the Supreme Court of the United States held:

> "* * * that the Due Process Clause of the Fourteenth Amendment forbids enforcement of alibi rules unless reciprocal discovery rights are given to criminal defendants." (412 U.S. 470, 472.)

Because the Oregon statute as it was written did not provide for reciprocal discovery the *Wardius* case held the Oregon statute to be unconstitutional. The Illinois statute, the Illinois Supreme Court rules and the case law of this State make discovery available to the State as well as to the defendant in all instances. Both *Cline* and *Wardius* are factually distinguishable from this case inasmuch as they both deal with the exclusion of alibi witnesses. Here the alibi witnesses were allowed to testify. We feel that the issue here is whether the State should have been required to disclose information concerning the witnesses it intended to call to rebut the alibi before these witnesses were allowed to testify. In *People v. Manley, supra,* we held that discovery of rebuttal witnesses was provided under the general requirement that once the intention to call any witness was formed there was a continuing duty of disclosure. Because of the failure of the State to inform the defense of the names of the rebuttal

witnesses as soon as the intent to call each of them was determined and because of the denial to the defendant of the right to interview the alibi witnesses before they were allowed to testify, we feel there was a denial of proper reciprocal discovery and that defendant was prejudiced thereby and therefore we have no alternative but to reverse and remand this case for a new trial. Because of our ruling on this point, we do not, in this opinion, reach the other issues raised by defendant's appeal.

Judgment reversed and case remanded for a new trial.

Reversed and remanded.

GUILD and SEIDENFELD, JJ., concur.