THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARK GARDNER, Defendant-Appellant.

(No. 74-371;

Second District (2nd Division)—November 17, 1975.

Ralph Ruebner and Phyllis J. Perko, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (Martin P. Moltz, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Defendant, Mark Gardner, was indicted by the Winnebago County Grand Jury on offenses of burglary and robbery. He was found guilty on both charges by a jury and sentenced to concurrent terms of two to six years' imprisonment. He contends on appeal that he was denied a fair trial in that improper evidence of another offense was admitted, the court wrongfully refused to grant a mistrial or order the testimony of the State's rebuttal witness stricken, the prosecutor engaged in an improper closing argument and that the court erred in entering judgment and sentencing defendant for both burglary and robbery.

■■ The allegedly improper evidence of another offense was testimony by the owner of a car, matching the car in defendant's possession, that his car had been taken on the night of the instant offense. The police had been searching for this car after apprehending and speaking with an acquaintance of defendant's. The general rule is that evidence of commission of other crimes by a defendant is inadmissible unless the prejudice incurred by introduction of the evidence is outweighed by its relevancy in proving proximity of the defendant in relation to the offense, identity, design, notice or knowledge. (*People v. Cage*, 34 Ill.2d 530.) Assuming arguendo that this evidence does not come within any of the above mentioned exceptions, the trial court was under no obligation to exclude it as it was not objected to at trial. *People v. Thigpen*, 33 Ill.2d 595; *People v. Burage*, 23 Ill.2d 280.

■■ Defendant points out that a motion in limine to exclude any reference to the car being stolen was granted. The owner of the car simply testified that it was missing on the night in question. Assuming arguendo that this testimony was tantamount to stating that the car in question was stolen, there is no reversible error. Where competent evidence shows beyond a reasonable doubt that defendant is guilty, erroneous admission of evidence of other offenses does not require reversal. (*People v. Tranowski*, 20 Ill.2d 11; *People v. Allen*, 1 Ill.App.3d 197.) Such evidence in the instant case indicated that a television, billfold and coin purse were taken from the victim, a car matching the description of one in defendant's possession was seen in front of the victim's residence around the time of the offense, defendant was apprehended after a high-speed chase, defendant returned to the apartment he was staying in on the night in question with a television and three hours later admitted to a companion that he had robbed an old lady, the victim's television, billfold and purse were found in this apartment, defendant told another companion he had robbed an old lady of the television, defendant told another person over the phone at the time of the offense that he had an old lady tied up and was about to rob her, and finally a rebuttal witness testified that she saw defendant on the day of the instant offense and he told her he had tied up an old woman and taken a television and other things from her and that when she saw defendant a car was parked across the street which matched the description of the one seen in front of the victim's house. Defendant said he was elsewhere at the time of the instant offense and on surrebuttal a witness testified that defendant arrived at a party around 8 P.M. on the day in question (the time of the offense was 8-9 P.M.) and stayed for two hours. It is not clear that the place defendant said he was and the place his other witness said he was are the same. Defendant mentioned no party and did not testify that he stayed anywhere on the night in question for as long as two hours. Also, defendant did not mention talking to this witness, though the witness said he talked to defendant. Defendant was clearly proven guilty beyond a reasonable doubt.

■■ Defendant cites as error the fact that the State was allowed to present a rebuttal witness to defendant's alibi. The State had not informed the defense of its intention to introduce that witness. It is now the law in Illinois that the defense must be afforded discovery of the State's alibi rebuttal witnesses. (*People v. Fields*, 59 Ill.2d 516, 322 N.E. 2d 33; *People v. Jarrett*, 22 Ill.App.3d 61.) However, *Jarrett* makes it clear that the duty to disclose the alibi rebuttal witness comes into effect when the intent is formed to call that witness. *Jarrett* goes on to say that if the intent to call the witness is formed at trial, as here, the court

should exercise discretion to protect the defense from surprise in the conduct of the trial. In the instant case the State only learned of this rebuttal testimony some 30 minutes prior to calling the witness. After the direct examination the court denied a defense motion for a mistrial or alternatively, that the testimony be stricken, but allowed defense counsel to interview the witness, after which defense counsel cross-examined the witness without further objection. Then the defense was allowed to reopen its case and present a witness who said defendant was somewhere other than where the rebuttal witness testified he had been. Defendant was given sufficient notice here and not prejudiced in any way by the presentation of the rebuttal witness.

■■ Regarding the argument of prejudicial remarks in the closing argument by the prosecutor, we see no reason to cite the myriad of cases which reiterate the wide latitude allowed the prosecutor in closing argument. Defendant did not object to any of the remarks at trial, nor did he include them in his motion for a new trial. Since the arguments in our view were not of a nature which would deprive defendant of a fair trial, we do not consider them. *People v. Bambulas,* 42 Ill.2d 419, 425; *People v. Ewell,* 5 Ill.App.3d 443, 448, 449.

■■ The State agrees that defendant could not be convicted of both robbery and burglary as both arose out of the same conduct, and agrees that the burglary conviction be vacated. *Cf. People v. Williams,* 60 Ill.2d 1, 322 N.E.2d 819.

For the foregoing reasons the judgment of the Circuit Court of Winnebago County is affirmed as to the robbery conviction and reversed as to the burglary conviction.

Judgment affirmed in part and reversed in part.

RECHENMACHER, P. J., and T. MORAN, J., concur.