THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARNA R. HUMMEL, Defendant.—(JOHN A. BEYER, Contemnor-Appellant.)

Fourth District   No. 13141

Opinion filed May 13, 1976.

234

CRAVEN, J., dissenting.

John G. Satter, Jr., State's Attorney, of Pontiac (John A. Beyer, Assistant State's Attorney, of counsel), for appellant.

Gomien & Glennon, Ltd., of Dwight (Roger B. Gomien, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

This is an appeal of a judgment of contempt entered by the Circuit Court of Livingston County against John A. Beyer, an assistant State's attorney of that county, for failure to comply with a production order of the court.

Defendant Marna Hummel was indicted for the offenses of unlawful possession of less than 2.5 grams of cannabis, a Class C misdemeanor (Ill. Rev. Stat. 1973, ch. 56½, par. 704(a)) and unlawful possession of 3 grams of the controlled substance phenobarbital, a Class 3 felony (Ill. Rev. Stat. 1973, ch. 56½, par. 1402(b)). In answer to defendant's initial motion for discovery, the State provided a copy of a laboratory report on certain pills and other items allegedly in defendant's possession at the time of her arrest which had been prepared by Michael E. Cravens, a criminalist employed by the Illinois Bureau of Identification. The report listed the items submitted to the Bureau for analysis and summarized the criminalist's findings. Item 1E was described as "3.0 grams of tan tablets" and the "substance found" therein was stated to be phenobarbital. The report did not indicate what tests were used to make the determination that phenobarbital was present nor provide any other information.

Defendant then filed a "Motion for the Production of Scientific Reports" which sought to require the State to produce the following information:

"1. Scientific reports as to the results of all tests performed on Item #1E of Exhibit A attached hereto and made a part hereof by reference.

2. A description of the procedure by which the alleged scientific tests were made on Item 1E.

3. The name and address of the person performing the aforesaid tests, together with a statement of the educational background and training of said person.

4. Defendant respectfully requests this Court to order the State of Illinois to produce all of the tan tablets described on Exhibit A attached hereto and made a part hereof by reference and identified as Item 1E and that Defendant be given leave to have scientific tests performed on such tablets to determine the content and nature thereof."

The laboratory report had already provided some of the information sought by the motion—the name and address of the criminalist who conducted the tests and his conclusion that Item 1E contained phenobarbital. In response to defendant's motion, the State offered to produce the tan tablets for testing by defendant but opposed the requests of paragraphs 2 and 3 for "a description of the procedure by which the alleged scientific tests were made on Item 1E" and "a statement of the educational background and training" of the criminalist. The court, however, granted defendant's motion in its entirety.

Subsequently the State supplied defendant with the work sheets used by the criminalist in testing the tan tablets. Although the contents of the work sheets were never referred to in the court proceedings below, we note that they appear to include a listing of the tests conducted on Item 1E and notations indicating the results of the tests. At the same time it produced the work sheets, the State filed a motion stating that no further information was available and asking the court to reconsider its ruling and excuse the State from full compliance with the production order. In support of the motion to reconsider, the State submitted a letter from Gary D. McAlvey, Superintendent of the Illinois Bureau of Identification, which stated:

"Laboratory analyses reports issued by the Illinois Bureau of Identification do not include written descriptions of the analytical procedures used in the analysis of evidence being reported upon. It is the policy of the Bureau of Identification to provide information concerning procedures used as part of the direct testimony by the criminalist in each particular case. A wide variety of procedures are available for use depending upon the type and condition of evidence being examined and it is impossible, since every case is unique, to prepare a standard description of analytical procedure. Likewise it is the policy of the Bureau of Identification to provide information concerning the curriculum vitae of the criminalist

performing the tests as part of the direct testimony of that individual. Information of this type is not pertinent to a report on the analysis of scientific evidence and is not prepared for inclusion in such reports."

The State's motion was denied and the court ruled that the State had failed to comply with the production order. The court then held the assistant State's attorney in contempt and imposed a fine of 10 cents.

The information at issue here does not fall within the mandatory disclosure provisions of Rule 412(a), (b), or (c) (Ill. Rev. Stat. 1973, ch. 110A, par. 412(a), (b), (c)). Rather, as recognized by the trial court, the information could only be subject to disclosure under Rule 412(h), which provides that:

"Upon a showing of materiality to the preparation of the defense, and if the request is reasonable, the court in its discretion may require disclosure to defense counsel of relevant material and information not covered by this rule." (Ill. Rev. Stat. 1973, ch. 110A, par. 412(h).)

Defendant argues that the information concerning the qualifications of the criminalist would be material to preparation for effective cross-examination of that witness at trial. With regard to the information concerning the tests performed on the tablets, defendant's contention is that in order to prepare a defense challenging the accuracy of the laboratory analysis of the tablets, she needs to be informed of which tests were performed and referred to documents which describe the procedures used in the various tests.

The State contends that the request was unreasonable because the information sought was not available to it, citing the letter from the Superintendent of the Bureau of Identification. That the State has some responsibility to ensure that it has access to pertinent information is recognized, however, in subsection (f) of Supreme Court Rule 412:

"The State should ensure that a flow of information is maintained between the various investigative personnel and its office sufficient to place within its possession or control all material and information relevant to the accused and the offense charged." Ill. Rev. Stat. 1973, ch. 110A, par. 412(f).

The State also contends that defense counsel has as much access to the criminalist as it does and that defendant is trying to get the State to prepare her defense for her. Defense counsel does not claim to have sought the information from the Bureau of Identification, arguing that to do so would be futile. In stating that it is the policy of the Bureau to provide such information as part of the direct testimony at trial, the letter from the Superintendent strongly suggests an unwillingness to provide the information to defendant prior to trial. However, the State argues that it has never advised any Bureau of Identification employee to refuse to discuss the case with opposing counsel nor done anything else to impede

the defense investigation in violation of Supreme Court Rule 415(a). Ill. Rev. Stat. 1973, ch. 110A, par. 415(a).

A recognized method of testing the propriety of a discovery production order is for a person subject to the order to refuse to comply and for the trial court to then hold that individual in contempt and impose a nominal fine, as was done here. The contempt order is appealable and the reviewing court ordinarily affirms if the production order was proper and reverses if it was erroneous. (*People v. Ryan*, 30 Ill. 2d 456, 197 N.E.2d 15; *People v. Smith*, 5 Ill. App. 3d 429, 283 N.E.2d 296.) Here, however, the person held in contempt had furnished all information at his disposal, had sought the information requested from the Bureau of Identification, and had done nothing to thwart the attempt of the defendant to obtain the requested information. It was therefore, for this reason alone, erroneous to hold him in contempt.

The question of the propriety of the production order itself is a close one. The State relies on *People v. Ohley*, 15 Ill. App. 3d 125, 303 N.E.2d 761, where the defendant requested the State to provide the exact chemical formula and molecular structure of tablets allegedly sold by defendant, contending that the information was essential to provide a basis upon which an expert witness could have made a proper analysis of the tablets in question. The trial court refused to require disclosure. The reviewing court ruled that the State's failure to provide the information did not prejudice defendant because the State had offered to produce the tablets for testing by the defendant, and defendant could have obtained the desired chemical information for himself by having a test run on the tablets. Since the trial court had refused to order disclosure in *Ohley*, the discretionary power of the trial judge under Rule 412(h) was not in issue there. The instant case also differs from *Ohley* in that here the requested information would not become available by the testing of the tablets.

Defendant relies on the case of *People v. Manley*, 19 Ill. App. 3d 365, 311 N.E.2d 593, where the trial court required an unrecorded statement of the defendant to be reduced to writing and provided to the defense. Upon failure of an assistant State's attorney to comply, he was held to be in contempt. On review, the court ruled that since the material would have been available under the mandatory disclosure provisions of Rule 412 but for the State's attorney's policy of not reducing such statements to writing, the State was not absolved of its duty to disclose the material to the defendant. The court then went on to state:

> "In our view, neither the defense nor the prosecution should be allowed to avoid discovery rules by a studied practice of failing to reduce otherwise discoverable information to writing. When the trial court determines within its discretion that the reason for the failure to reduce such a statement to writing is to avoid discovery, it may properly order that the statement be reduced to writing. However, in absence of the known presence of discoverable

statements, neither the State nor the defense should bear the unreasonable burden of reducing all of its investigative information to writing. The application of the discovery rules as a whole and the solutions available, including the preclusion of evidence wrongfully withheld, will sufficiently insure a fair trial." 19 Ill. App. 3d 365, 370, 311 N.E.2d 593, 597.

In *Manley*, the appellate court noted that the discretionary provision of Rule 412(h) was intended to be narrow in scope but was broad enough to permit the trial court to require transcribing and producing a statement in possession of the prosecution.

Rule 412(a)(iv) provides for discovery of the reports or statements of experts making tests. That discovery was provided here. The further discovery ordered here was not the transcription of an existing statement, as in *Manley*, but the *drafting* of an explanatory statement. The furnishing of such an explanation would be equally relevant to every criminal case where scientific tests are performed. If such discovery was intended to be required, the drafters of the rule would have expressly so stated. We therefore rule that the production ordered here was unreasonable and beyond the limited scope of Rule 412(h). The order of contempt should also be reversed for this reason.

The judgment appealed from is reversed and the cause remanded to the Circuit Court of Livingston County.

Reversed and remanded.

TRAPP, P. J., concurs.

Mr. JUSTICE CRAVEN, dissenting:

Supreme Court Rule 412(h), quoted in the majority opinion, specifically permits the trial court in its discretion to require disclosure of relevant material and information not expressly covered by the rule. As I view this record, that is what the trial court did here. I find no basis whatsoever for the conclusion reached by the majority that such order was unreasonable and beyond the limited scope of the rule.

Furthermore, in *People v. Crawford*, 114 Ill. App. 2d 230, 252 N.E.2d 483, this court specifically held that a trial court had authority to order extensive pretrial discovery and that such authority was not limited to items of physical evidence of witnesses' statements when such discovery was necessary to insure the defendant a fair trial. The decision in *Crawford* antedated the rule for discovery in criminal cases.

I would affirm the order of the trial court for discovery. It does not follow, however, that the judgment of contempt and the sentence imposed must be affirmed. Here, as in *Crawford*, and as in *People v. Endress*, 106 Ill. App. 2d 217, 245 N.E.2d 26, it is apparent that the noncompliance with the discovery order was a good faith condition precedent to ascertain the nature and scope of the authority of the trial court to order discovery. In view of that, I would vacate the judgment of contempt.