THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LONZA D. WILSON, Defendant-Appellant.

Second District   No. 76-533

Opinion filed June 23, 1978.

Mary Robinson and Peter B. Nolte, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel Doyle, State's Attorney, of Rockford (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BOYLE delivered the opinion of the court:

Following a jury trial in Winnebago County, the defendant was convicted of armed robbery and sentenced to 5 to 10 years' imprisonment. He appeals.

The sole issue on appeal is whether the defendant was prejudiced and denied a fair trial by the State's failure to provide adequate discovery and to disclose prior to trial the fact that two fingerprints of the defendant were found at the scene of the offense pursuant to defendant's discovery motion which had been allowed.

Leonard F. Mortier, the owner and operator of Lenny's Tap, a tavern in Rockford, Illinois, testified that his tavern was robbed on December 20, 1975, by two black males who had asked for a half-pint of whisky. Mortier stated that he turned around to reach for a paper bag and one of the men reached over the bar, stuck a pistol in his face and said, "Hit the floor." This individual climbed over the top of the bar and as this was happening, Mortier reached up and grabbed the hand of his assailant which had the gun in it. The gun discharged and wounded Mortier in the finger. The witness was then forced to lie face down on the floor while his assailant proceeded to the cash register. Mortier was searched by this attacker and told to open the safe. The assailant searched the safe and took the change which was found in a cigar box that was always kept in the safe. The two robbers at this time concluded the robbery and left the premises. The complainant further testified that it was his opinion at trial that the defendant "looks like" the robber.

Following the robbery, Officer Paul Muenkel of the Rockford Police Department dusted the tavern area for fingerprints. He testified that the only latent prints recovered from the robbery area were latent prints from the top of the bar and a latent print removed from the cigar box. Officer David MacMurchey of the Rockford Police Department testified that generally 8 to 12 points of comparison in the identification of latent prints are sufficient to make an identification. Officer MacMurchey stated that he found 14 such points of identification between the defendant's latent print and the latent print found on the cigar box. He further remarked that he matched both of the partial prints from the top of the bar to two of the defendant's prints and that he found no dissimilarities between these partial latent prints and those of the defendant. Officer James Mays of the Rockford Police Department, in his testimony, concurred with Officer MacMurchey's finding that the cigar box print corresponded with the defendant's left ring fingerprint. Officer Mays also testified that he found 11 and 9 points of identification between the partial latent prints found on the bar and the defendant's latent prints.

At the close of this testimony, the State moved to admit the exhibits which contained both the bar top prints, the cigar box prints, and the defendant's set of fingerprints. The defense specifically objected to the admission of these prints because defense counsel had never been informed in the State's discovery answer, via a police report, or otherwise, that the State had identified the prints from the top of the bar. The State's discovery answer and attendant police reports had referred only to the print taken from the cigar box because the State's Attorney did not know that the bar prints had been matched to the defendant. After argument on this motion, the court admitted these exhibits over the defense's objection. The defense then moved for a mistrial on the same basis, and the trial court denied this motion as well as defendant's motion for a directed verdict. The jury thereafter found the defendant guilty of armed robbery.

■■■ Certain well-established rules have evolved which interpret the general discovery requirements of Supreme Court Rule 412 (Ill. Rev. Stat. 1975, ch. 110A, par. 412). Initially, the trial court must exercise its sound discretion as to the proper remedy to be invoked for the failure to disclose evidence during discovery and this exercise of judicial discretion will not be reversed absent a demonstration of prejudice or surprise. (*People v. Curtis* (1977), 48 Ill. App. 3d 375, 362 N.E.2d 1319.) This standard is consistent with the oft-stated legislative purpose behind this statute of providing "the accused with protection against surprise, unfairness, and inadequate preparation." (*People v. Clinton* (1976), 43 Ill. App. 3d 62, 64, 356 N.E.2d 1119, 1121.) Similarly, certain duties have been delegated to the State to insure proper compliance with the discovery requirements by all of its witnesses. Examples of such responsibilities include the State's requirement to reduce to writing and disclose any oral statements made by the defendant to persons other than police officers which it intends to introduce at trial (*People v. Manley* (1974), 19 Ill. App. 3d 365, 311 N.E.2d 593), as well as the State's duty to promptly disclose to the defense any additional relevant information which is brought to its attention prior to trial (*People v. Richardson* (1977), 48 Ill. App. 3d 307, 362 N.E.2d 1104). Additionally, the admission of such undisclosed evidence has been found to be permissible where the admission of such evidence was cumulative in light of other evidence presented at trial and would not have entailed a reformulation of the defendant's theory of defense. (*People v. Curtis* (1977), 48 Ill. App. 3d 375, 362 N.E.2d 1319.) These principles, however, serve only as guidelines for the trial court's ultimate determination whether, under the factual situation presented, the State's failure to disclose this evidence violated the defendant's right to a fair trial.

■■ Our review of the record herein conclusively establishes that the admission of these fingerprints on the bar was cumulative in light of the other incriminating evidence against the defendant. (*People v. Curtis*

(1977), 48 Ill. App. 3d 375, 362 N.E.2d 1319.) In particular, we find the other evidence against the defendant overwhelmingly establishes his guilt. Notably, we find persuasive the fact that the defendant's latent print was discovered on the cigar box which was kept exclusively in the safe and access to which was limited only to the owner and his employees. Additionally, the points of identification which coincided with the defendant's print on the cigar box were much stronger than the points of identification between the defendant and the bar top prints. As previously noted, there were 14 points of identification between the defendant and the cigar box print as opposed to 11 and 9 points of identification between the defendant and the bar top prints, with 8 to 12 points of identification being necessary, in Officer MacMurchey's opinion, to make a positive identification.

■■■ We are also compelled to hold that the defendant was not actually prejudiced by the State's failure to disclose this evidence, particularly because of the defense's awareness of the existence of these yet unidentified prints on the bar which were disclosed at the preliminary hearing and due to the defense's cognizance of the even more incriminating print on the cigar box. (*People v. Griffith* (1978), 56 Ill. App. 3d 747, 372 N.E.2d 404.) Admittedly, the proper procedure would have been for the State to disclose prior to trial that these prints had been matched to those of the defendant. However, it is undisputed that the State's failure to disclose the full scope of this unfavorable evidence was inadvertent and done without the knowledge of the State. (Contrast *People v. Manley* (1974), 19 Ill. App. 3d 365, 311 N.E.2d 593, where the State knew of the presence of discoverable statements and actually tried to avoid discovery rules by the studied practice of neglecting to reduce such information to writing.) Further, under these circumstances, it would be useless to speculate ad infinitum as to the possible utilization of this unfavorable cumulative evidence in the preparation of the defendant's defense. It is sufficient to note that the trial court properly determined that these prints were cumulative and would not have mandated a reformulation of the defendant's theory of defense. (*People v. Curtis* (1977), 48 Ill. App. 3d 375, 362 N.E.2d 1319.) Accordingly, under these circumstances, where the defense was aware that prints had been found on the bar, that such evidence was cumulative and unfavorable to the defendant, and that the withholding of this evidence was inadvertent and done without the knowledge of the State, we hold there was no violation of the discovery rules. *People v. Hutchison* (1977), 55 Ill. App. 3d 716, 371 N.E.2d 201.

Defendant's final contention concerns the application of the so-called "open file" requirement as expressed by the Fourth District in *People v. Parton* (1976), 40 Ill. App. 3d 753, 354 N.E.2d 12. Defendant suggests that

this court should postulate a requirement similar to Parton's interpretation of Supreme Court Rule 412(e)(i) (Ill. Rev. Stat. 1975, ch. 110A, par. 412(e)(i)). *Parton* held that the State's use of an open file does not comply with the discovery specifications which require that a general description of discoverable items contained in the open file be transmitted to the defense. However, we do not find it necessary to reach this question in light of our determination that the trial court did not abuse its discretion in denying defendant's motion for a mistrial based on this discovery violation and our related finding that the defendant's rights to a fair trial were not actually prejudiced. Notwithstanding, we must comment that even the Fourth District has distinguished *Parton* and maintained that the *sine qua non* of the open file rule is not applicable to a situation such as herein, where the undisclosed evidence "was not contained or buried in the State's open file." (*People v. Abbott* (1977), 55 Ill. App. 3d 21, 25, 370 N.E.2d 286, 289.) Therefore, in conclusion, we hold that the defendant was not denied a fair trial by the State's inadvertent failure to disclose cumulative evidence prior to trial.

The judgment of the circuit court of Winnebago County is affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and WOODWARD, J., concur.