THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM SCHMIDT, Defendant-Appellant.

Fourth District   No. 12641

Opinion filed May 13, 1976.

George L. Chesley, of Bloomington (DePew, Grimes & DePew, of counsel), for appellant.

Paul R. Welch, State's Attorney, of Bloomington (G. Michael Prall, of Illinois State's Attorneys Association, and Mark L. Kramp, Law Student, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

On April 9, 1973, the grand jury returned a two-count indictment against defendant-appellant William Schmidt. Count I charged unlawful delivery of a substance containing cannabis in an amount greater than 30 grams but not more than 500 grams in violation of section 5 of the Cannabis Control Act (Ill. Rev. Stat. 1973, ch. 56½, par. 705). The offense was allegedly committed on December 18, 1972. Count II charged an identical offense committed on December 21, 1972.

The case was tried to a jury which convicted the defendant on both counts. Defendant was sentenced to three years' probation with the first six months to consist of periodic imprisonment in the county jail.

Benjamin Haynes, an agent for the Illinois Bureau of Investigation testified for the State as follows: On December 18, 1972, he purchased two bags of a substance from the defendant. On December 21, 1972, he purchased two more bags. These were admitted into evidence as People's Exhibits 2-A, 2-B, 4-A, and 4-B.

Brent DeWitt, a witness for the People testified as follows: On December 22, 1972, I received exhibits 2-A and 2-B from agent Haynes. I

was the supervising criminalist for Illinois Bureau of Identification. I analyzed the contents of these exhibits. I weighed it, did a microscopic examination and performed a chemical analysis known as a Duquenois test. Exhibit 2-A showed presence of 19.50 grams of cannabis. Exhibit 2-B showed presence of 18.47 grams of cannabis. The combined weights amounted to 37.97 grams. These substances contained cannabis. On December 27 I received exhibits 4-A and 4-B from Agent Haynes. I made weight, microscopic and chemical tests on both exhibits. Exhibit 4-B revealed it to be 14.91 grams of cannabis, and exhibit 4-A revealed it to be 18.45 grams of cannabis, for a total combined weight of 33.36 grams. Both exhibits contain cannabis. The chemical test does not indicate whether substances other than cannabis are present, so the material tested could contain substances that are not cannabis. The active ingredient in marijuana is THC (tetrahydrocannabinol) which is contained in the leaf and stems of the plant. Seeds do not reveal the presence of the active ingredient. The defendant offered no evidence in his defense.

Defendant argues that the Cannabis Control Act (Ill. Rev. Stat. 1973, ch. 56½, pars. 701-705) violates due process requirements of the State and Federal Constitutions. This argument is bottomed on the proposition that the statute does not "reasonably notify the public" of the conduct sought to be prohibited. He contends that the title of the Act, and the definition of cannabis (contained in section 3 thereof) indicates a legislative intent to control and regulate cannabis, but that section 5 of the Act provides that penalty depends upon the weight of any substance containing cannabis. He also argues that confusion is created because the definition of cannabis, contained in section 3, specifically excludes certain parts of the plant (such as the mature stalk of the plant, fibers made from the stalk, etc.). He urges that all of this is confusing to the point that one is unable to determine what a substance containing cannabis may be.

■■ Due process does require that the public be informed as to what conduct is proscribed by a penal statute. (*Lanzetta v. New Jersey* (1939), 306 U.S. 451, 83 L. Ed. 888, 59 S. Ct. 618), and the warning which it conveys must be sufficiently clear, as to the prohibited conduct, when measured by common understanding and practice. (*Tallman v. United States* (7th Cir. 1972), 465 F.2d 282.) These requirements are met by the statute in question. The legislative declaration contained in section 1 recites the pervasive use of cannabis, and its harmful effects, and mentions the inefficacy of prior legislation aimed at deterring the use of cannabis. The legislative declaration ends with the statement that the statute is intended to establish a reasonable penalty system which directs the efforts of law enforcement agencies towards commercial traffickers and large scale purveyors. The declaration further states that the penalties rise in sharp progression based *"upon the amount of substances*

*containing cannabis involved in each case.*" Section 3 defines "cannabis," and the definition excludes certain parts of the plant such as the mature stalk which is used, for example, for making rope fibers. The statutory scheme and prohibition are clearly delineated. It directly tells the public: you are prohibited from knowingly delivering "cannabis," as that term is defined in the Act, and the penalties are determined by the weight of the substance containing the cannabis delivered by you. We see no confusion in the Act, but rather a clear, concise definition of the offense coupled with a readily comprehensible statement of penalties attaching to its violation. The statute meets the due process requirements of notice.

■■ Defendant contends that assessing penalty based upon the weight of the substance containing cannabis rather than upon the actual weight of the cannabis alone is arbitrary and a denial of equal protection of the law. This proposition was disposed of adversely to defendant in *People v. Mayberry*, 63 Ill. 2d 1, 345 N.E.2d 97.

Lastly, defendant argues that he was not proven guilty beyond a reasonable doubt. This argument seems to be predicated upon the proposition that since only a sample from each of the four bags was tested, there is no proof that the balance of the material contained cannabis. This was a question of fact for the jury. *People v. Ohley*, 15 Ill. App. 3d 125, 303 N.E.2d 761.

Judgment affirmed.

TRAPP, P. J., and GREEN, J., concur.