THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RAMON CASTRO, Defendant-Appellant.

Third District   No. 3—86—0392

Opinion filed January 8, 1987.

Anthony Jamison, of Braud/Warner, Ltd., of Rock Island, for appellant.

James T. Teros, State's Attorney, of Rock Island (John X. Breslin and Sharon K. Bachert-Bedford, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE SCOTT delivered the opinion of the court:

The defendant, Ramon Castro, pleaded guilty to the offense of delivering more than 15 grams of a controlled substance. (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(a)(1).) The court sentenced the defendant to the statutory minimum of six years' imprisonment. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(3).) The defendant appeals from the denial of his motion to withdraw his plea of guilty. We affirm.

The facts are uncontradicted. On March 23, 1984, the defendant delivered 69 grams of heroin to an undercover police officer in exchange for $1,000 in cash and $750 in food stamps. The defendant was subsequently arrested on November 13, 1984. On February 20, 1985, the defendant waived his right to a jury trial. On December 24, 1985, the State filed a motion to set a trial date. On January 28, 1986, the defendant filed a motion to dismiss on the grounds that the State had failed to provide him a speedy trial as required by section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 103—5). The court denied the motion.

On March 6, 1986, pursuant to plea negotiations, the defendant pleaded guilty to the delivery of 15 grams of a controlled substance containing heroin. In exchange for his plea, the defendant received the statutory minimum prison sentence of six years. On March 14, 1986, the defendant filed a motion to withdraw his guilty plea, alleg-

ing that the sentencing scheme of section 401 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1985, ch. 56½, par. 1401) is unconstitutional. The trial court denied his motion. The defendant appeals.

■ Initially, we note that the defendant, by entering a voluntary plea of guilty, has waived all nonjurisdictional errors, including violations of constitutional rights. (*People v. Sprinkle* (1976), 39 Ill. App. 3d 740, 350 N.E.2d 536.) Nevertheless, we choose to address the issues raised by the defendant on appeal.

The defendant first contends that the progressive sentencing classifications and mandatory minimum jail sentence of section 401 are unconstitutional because they are contrary to the limitation-of-penalties provision of the Illinois Constitution (Ill. Const. 1970, art. I, sec. 2). Essentially, the defendant argues that even though he would be eligible for probation as he has no prior criminal record, section 401 removes from the judge all discretion to sentence the defendant to a period of probation.

■ It is clear that within proper bounds, the legislature has the constitutional power to specify to the judiciary the range of penalties for a given criminal offense. (*People v. Muskgrove* (1976), 44 Ill. App. 3d 381, 358 N.E.2d 336.) Absent a clear violation of a constitutional limitation, as where the penalty under the statute is so disproportionate to the offense that it is cruel or degrading or shocks the moral sense of the community, we will not interfere with the legislature's determination of the character and extent of the penalty for the crime. *People v. Boucher* (1979), 75 Ill. App. 3d 322, 394 N.E.2d 60.

This court has previously examined the constitutionality of progressive sentencing classifications for possession of marijuana. In *People v. Kline* (1974), 16 Ill. App. 3d 1017, 307 N.E.2d 398, we noted that the legislature's prime purpose in imposing progressively more severe punishments for possession of increasing weights of marijuana was to more severely punish the profiteer and trafficker than the unlawful user and petty distributor. We found it reasonable for the legislature to conclude that the possession of a greater weight of marijuana would involve a greater potential for illegal dissemination of the proscribed substance.

■ The reasoning in *Kline* is applicable to the case at bar. We find the imposition of progressively greater sentences for the possession and delivery of greater weights of heroin even more reasonable than such sentences for marijuana, especially when heroin is one of the most expensive and profitable of the illicit drugs. (See *People v. McCarty* (1981), 86 Ill. 2d 247, 427 N.E.2d 147.) Consequently, we

find no constitutional deficiency in the progressive sentencing structure of section 401.

We also find no constitutional deficiency in the mandatory minimum sentence for the Class X felony. The imposition of the minimum sentence is a legislative judgment reflecting the seriousness of the particular offense and the need for a longer rehabilitative period. (*People v. Wright* (1974), 18 Ill. App. 3d 1028, 310 N.E.2d 494.) Time and again, the courts have supported the legislature's determination that certain crimes require mandatory minimum sentences. (*People v. Gomez* (1983), 120 Ill. App. 3d 545, 458 N.E.2d 565 (residential burglary); *People v. Kerans* (1982), 103 Ill. App. 3d 522, 431 N.E.2d 726 (armed violence); *People v. James* (1976), 38 Ill. App. 3d 594, 348 N.E.2d 295 (unlawful delivery of 30 grams or more of LSD); *People v. Koeppen* (1974), 21 Ill. App. 3d 478, 315 N.E.2d 679 (murder).) To conclude, we find without merit the defendant's position that the instant progressive sentencing scheme and mandatory minimum sentencing provision are unconstitutional.

The defendant's second and final contention is that his right to a speedy trial was violated by the State's delay of over one year in bringing his case to trial.

■ A defendant on bail or recognizance shall be tried within 160 days from the date he demands trial unless delay is occasioned by the defendant. (Ill. Rev. Stat. 1985, ch. 38, par. 103—5(b).) When a defendant is free on bond, the statutory period during which the defendant must be brought to trial does not run until the defendant files a demand for trial. *People v. Kuczynski* (1965), 33 Ill. 2d 412, 211 N.E.2d 687.

It is clear from the record that the defendant never made a trial demand. Consequently, the 160-day statutory period within which he had to be brought to trial never began. Therefore, we find that the defendant's right to a speedy trial was not violated.

Accordingly, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

BARRY and HEIPLE, JJ., concur.