THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
KEVIN HARLOW, Defendant-Appellant.

Fourth District   No. 4—92—0502

Opinion filed April 15, 1993.—Modified on denial of
rehearing July 15, 1993.

Daniel D. Yuhas and Gloria Ann Morris, both of State Appellate Defender's Office, of Springfield, for appellant.

Scott H. Walden, State's Attorney, of Quincy (Norbert J. Goetten, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In February 1992, defendant, Kevin Harlow, pleaded guilty to controlled substance trafficking, in violation of section 401.1 of the Illinois Controlled Substances Act (Act) (Ill. Rev. Stat. 1991, ch. 56½, par. 1401.1), pursuant to the following plea agreement: (1) the State dismissed two counts of unlawful delivery of controlled substance (15 grams or more, but less than 100 grams of a substance containing cocaine) (Ill. Rev. Stat. 1991, ch. 56½, par. 1401(a)(2)(A)) and one other count of controlled substance trafficking; (2) defendant consented to the forfeiture of $5,745 and a 1989 Chevrolet pickup truck, both of

which were seized from him at the time of his arrest, and defendant would pay a fine to be determined by the court at the sentencing hearing; and (3) if he had no prior felony convictions, the court would sentence him to 12 years in prison, the minimum sentence authorized under the Act. See Ill. Rev. Stat. 1991, ch. 56½, pars. 1401.1(b), 1401(a)(2)(A).

In March 1992, the trial court conducted a sentencing hearing, sentenced defendant to 12 years in prison, ordered the forfeitures previously mentioned, fined defendant $3,000, and also imposed a "street-value" fine of $4,000. Defendant subsequently filed a motion for reduction of sentence, and in April 1992 the trial court heard and denied that motion. Defendant appeals, arguing that what he calls the "mandatory double Class X sentencing provision" of section 401.1(b) of the Act violates his State and Federal constitutional rights to be free from cruel and unusual punishment.

Section 401.1(a) of the Act defines controlled substance trafficking as occurring when any person "knowingly brings or causes to be brought into this State for the purpose of manufacture or delivery or with the intent to manufacture or deliver a controlled or counterfeit substance in this or any other state or country." (Ill. Rev. Stat. 1991, ch. 56½, par. 1401.1(a).) Section 401.1(b) of the Act states that a person convicted of controlled substance trafficking "shall be sentenced to a term of imprisonment not less than twice the minimum term *** as authorized by Section 401 of this Act, based upon the amount of controlled *** substance brought *** into this State." Ill. Rev. Stat. 1991, ch. 56½, par. 1401.1(b).

Defendant pleaded guilty to bringing into this State more than 15 grams but less than 100 grams of a substance containing cocaine with the intent to deliver that substance. Thus, under section 401(a)(2)(A) of the Act defendant committed a Class X felony, requiring a prison sentence of not less than six years. (Ill. Rev. Stat. 1991, ch. 56½, par. 1401(a)(2)(A); Ill. Rev. Stat. 1991, ch. 38, par. 1005–8–1(a)(3).) Accordingly, the trial court and both counsel correctly concluded that section 401.1(b) required the court to impose a mandatory minimum sentence upon defendant of 12 years in prison. Defendant argues that this mandatory minimal sentence "for a non-violent offense violates [his] Illinois and Federal constitutional right[s] to be free of cruel and unusual punishment, [because he] has a substantial work history and a minimal criminal history." In support of this argument defendant cites the eighth amendment of the United States Constitution (U.S. Const., amend. VIII) and article I, section 11, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, §11).

The eighth amendment, which applies against the States by virtue of the fourteenth amendment (see *Robinson v. California* (1962), 370 U.S. 660, 666, 8 L. Ed. 2d 758, 763, 82 S. Ct. 1417, 1420), states the following: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." (U.S. Const., amend. VIII.) In *Harmelin v. Michigan* (1991), 501 U.S. 957, 1001, 115 L. Ed. 2d 836, 869, 111 S. Ct. 2680, 2705 (opinion of Kennedy, J., joined by O'Connor and Souter, JJ.), Justice Kennedy wrote a concurring opinion, in which Justices O'Connor and Souter joined, in which he stated that "the eighth amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime."

We note that Justice Scalia wrote an opinion, concurred in by Chief Justice Rehnquist, concluding that the eighth amendment contained no proportionality guarantee at all. (*Harmelin*, 501 U.S. at 966, 115 L. Ed. 2d at 846, 111 S. Ct. at 2686 (opinion of Scalia, J., joined by Rehnquist, C.J.).) Thus, we believe that the eighth amendment, as currently interpreted by the Supreme Court, provides no greater protections to defendants than those stated by Justice Kennedy in his concurring opinion for a plurality of the Court. For the reasons we later explain, we conclude that the mandatory minimum sentence in this case of 12 years in prison is not "grossly disproportionate" to the crime.

Article I, section 11, of the Illinois Constitution of 1970 states in part the following: "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." (Ill. Const. 1970, art. I, §11.) Citing this Illinois constitutional provision, defendant argues that the "mandatory double Class X sentence for controlled substance trafficking, a non-violent offense *** [violates] the Illinois constitutional requirement that the punishment be meted out according to the seriousness of the offense and with the objective of restoring the defendant to useful citizenship." In support of his argument, defendant points out that this mandatory minimum sentence of 12 years is double the mandatory minimum sentence imposed upon offenders convicted of such Class X crimes of violence as aggravated criminal sexual assault (see Ill. Rev. Stat. 1991, ch. 38, pars. 12—14(d), 1005—8—1(a)(3)), armed violence (see Ill. Rev. Stat. 1991, ch. 38, pars. 33A—3(a), 1005—8—1(a)(3)), home invasion (see Ill. Rev. Stat. 1991, ch. 38, pars. 12—11(c), 1005—8—1(a)(3)) and solicitation of murder (see Ill. Rev. Stat. 1991, ch. 38, pars. 8—1.1(b), 1005—8—1(a)(3)).

In *People v. St. Pierre* (1992), 146 Ill. 2d 494, 513, 588 N.E.2d 1159, 1168, the Illinois Supreme Court construed article I, section 11, of the 1970 Constitution and wrote the following: "A sentence does not offend the requirement of proportionality if it is commensurate with the seriousness of the crime and gives adequate consideration to the rehabilitative potential of the defendant." In *People v. Simmons* (1991), 145 Ill. 2d 264, 269-70, 583 N.E.2d 484, 486, the Illinois Supreme Court had previously construed that constitutional provision and wrote the following:

> "The legislature has the power to declare and define conduct constituting a crime and to determine the nature and extent of punishment for it. [Citations.] While this court acknowledges that article I, section 11, of the State of Illinois Constitution places some restraint on the right of the legislature to establish penalties for crimes, we have been reluctant to invalidate penalties prescribed by the legislature. [Citation.] 'The legislature, institutionally, is more aware than the courts of the evils confronting our society and, therefore, is more capable of gauging the seriousness of various offenses.' [Citation.] Legislative classifications are presumed valid [citation], and this court will invalidate a penalty only when it is clearly irrational [citation]. More precisely, in evaluating a penalty prescribed by the legislature, this court:
>> 'indicated at an early date that the constitutional command that "penalties shall be proportioned to the nature of the offense" would justify interference with the legislative judgment only if the punishment was "cruel," "degrading" or "so wholly disproportionate to the offense committed as to shock the moral sense of the community." ' [Citation.]"

█ In concluding that a mandatory minimum sentence of 12 years in prison for a person convicted of controlled substance trafficking is not "clearly irrational" or "wholly disproportionate to the offense committed," we have considered the following authority. In *People v. McCarty* (1981), 86 Ill. 2d 247, 427 N.E.2d 147, the supreme court had to decide whether a rational basis existed for classifying cocaine with opiates instead of with amphetamines and barbiturates. In arguing that the legislature had correctly classified cocaine with the opiates, the State presented several justifications. The supreme court found that the State's justifications provided a "rational basis to validate the legislature's judgment" (*McCarty*, 86 Ill. 2d at 257, 427 N.E.2d at 152), and the court explained as follows:

"[T]he State argues that the enormous profit from illegal cocaine traffic has led to a great deal of crime, including violent crime, as major importers and dealers compete with each other. ***

Cocaine and heroin are by far the most expensive and most profitable of the illicit drugs. As such, both heavily attract the criminal element of society. One kilogram of cocaine may cost a wholesaler from $12,000 to $20,000 but has a street value of over a million dollars. [Citation.] *** It must be noted that one of the primary purposes of the Act is to 'penalize most heavily the illicit traffickers or profiteers of controlled substances.' [Citation.]" *McCarty*, 86 Ill. 2d at 254-55, 427 N.E.2d at 151.

We further note the following commentary on the subject of drug trafficking from the United States Supreme Court:

"The public has a compelling interest in detecting those who would traffic in deadly drugs for personal profit. Few problems affecting the health and welfare of our population, particularly our young, cause greater concern than the escalating use of controlled substances. Much of the drug traffic is highly organized and conducted by sophisticated criminal syndicates. The profits are enormous. And many drugs *** may be easily concealed. As a result, the obstacles to detection of illegal conduct may be unmatched in any other area of law enforcement." *United States v. Mendenhall* (1980), 446 U.S. 544, 561-62, 64 L. Ed. 2d 497, 514, 100 S. Ct. 1870, 1881 (opinion of Powell, J., concurring, joined by Burger, C.J., and Blackmun, J.).

We also agree with the views expressed in *United States v. Miranda* (S.D. Fla. 1977), 442 F. Supp. 786, 795, as follows:

"[I]t is time for the merchants of misery, destruction and death to be put out of business. The hideous evil wrought by these criminals through their unlawful importation and distribution of narcotics and controlled substances is unforgivable. Engulfed by their greed, these individuals have shown no concern for the thousands of lives that they have ruined and the unimaginable sorrow that they have heaped upon the people of this community, this state and this nation.

Yet as destructive as these criminal ventures have been to the victims, they have been equally profitable to the criminals who have promoted them. ***

*** The saddest aspect of this national problem is that [in 1965], Chief Justice Burger, then sitting on the District of Columbia Court of Appeals, *** [wrote the following in *Hansford*

*v. United States* (D.C. Cir. 1965), 353 F.2d 858, 860, about] a problem that has grown to epidemic proportions since that day.
\*\*\*

\*\*\* [']If narcotics traffic is a social and health hazard, then every narcotics dealer is a danger to society \*\*\*.['']'' (Emphasis omitted.)

■ Defendant also argues that he is entitled to a $5 credit against his $3,000 fine for the one day in jail he previously served. The State concedes this point, and we remand to the trial court with diretions to correct the fine portion of the sentencing order accordingly.

For the reasons stated, we affirm the defendant's conviction and sentences, except as indicated with regard to the fine.

Affirmed and remanded with directions.

McCULLOUGH and GREEN, JJ., concur.