THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. OTHA WILLIAMS, Defendant-Appellant.

First District (4th Division)   No. 1—91—0350

Opinion filed July 15, 1993.

Michael J. Pelletier and Nan Ellen Foley, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Laurie N. Feldman, Special Assistant State's Attorney, and Renee Goldfarb, Assistant State's Attorney, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County, defendant, Otha Williams, was convicted of possession with intent to deliver more than 900 grams of a substance containing cocaine (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(a)(2)). He was subsequently sentenced to the minimum term of 15 years' imprisonment. On appeal, defendant maintains that the statute under which he was sentenced is unconstitutional.

We affirm.

The record shows that defendant and three others were charged with delivery of a substance containing cocaine. The charges stemmed from an undercover narcotics operation involving month-long negotiations for a large purchase of cocaine. The deal culminated on January 23, 1989, when 1,994 grams of a substance containing 96% pure cocaine were delivered to a sheriff's police officer who was assigned to the narcotics unit of the State's Attorney's office.

Defendant was identified as the driver of a truck, bearing license plate "2 OTHA," who delivered the contraband to the designated meeting place and handed the bag containing the contraband to the person who delivered it to the agent. Defendant denied any knowledge of the operation or the contents of the bag. The court convicted defendant of possession with intent to deliver and sentenced him to 15 years' imprisonment, the minimum term allowed under the Illinois Controlled Substances Act (the Act) (Ill. Rev. Stat. 1987, ch. 56½, par. 1401.1).

On appeal, defendant solely contends that the provision under which he was sentenced is unconstitutional because it violates the due process and proportionate penalties provisions of the Illinois Constitution (Ill. Const. 1970, art. I, §§2, 11). The State argues that there are no constitutional infirmities in the statute, which is reasonably related to legislative concerns about the harmful consequences of the distribution of large quantities of cocaine.

■ It is well settled that the legislature has the power to declare and define conduct which constitutes a crime and to determine the nature and extent of the punishment for it. (*People v. Taylor* (1984), 102 Ill. 2d 201.) Although the supreme court has recognized that sections 2 and 11 of the Illinois Constitution place some restraint on this power, the court has been reluctant to invalidate penalties prescribed by the legislature since, institutionally, the legislature is more aware of the evils affecting our society than the courts and more capable of measuring the seriousness of various offenses. (*People v. Steppan*

(1985), 105 Ill. 2d 310, 319.) Accordingly, in satisfaction of due process concerns, the supreme court has required that the penalty assigned to the particular crime be reasonably tailored to remedy the evil which the legislature has determined to be a threat to the public health, safety and welfare. (*People v. Bradley* (1980), 79 Ill. 2d 410, 417.) Regarding the limitation of penalties provision, the court has stated that interference with legislative judgment is justified only where the designated punishment is "cruel," "degrading" or " 'so wholly disproportionate to the offense committed as to shock the moral sense of the community.' " (*People v. Morris* (1990), 136 Ill. 2d 157, 167, quoting *People v. Gonzales* (1962), 25 Ill. 2d 235, 240.) We find no reason for reversal on either count.

People v. *Harlow* (1993), 246 Ill. App. 3d 196, involved a similar proportionate penalties argument regarding section 401(a)(2)(A) of the Act. (Ill. Rev. Stat. 1991, ch. 56½, par. 1401(a)(2)(A).) In *Harlow*, the court concluded that the mandatory minimum sentence of 12 years' imprisonment for drug trafficking was not "clearly irrational" or "wholly disproportionate to the offense committed" and affirmed the sentence imposed. (*Harlow*, 246 Ill. App. 3d at 199.) *Harlow* is consistent with *People v. Castro* (1987), 151 Ill. App. 3d 664, in which defendant challenged the constitutionality of the progressive sentencing structure and mandatory minimum sentencing provision for conviction of the delivery of heroin. We believe the reasoning expressed in those cases is applicable to the case at bar and consequently find no violation of the proportionate penalties clause of the constitution. See also *People v. Johns* (1992), 153 Ill. 2d 436.

Defendant maintains, however, that because the sentencing court is deprived of the opportunity to apply specific mitigating factors in each case or to recognize varying degrees of participation or culpability, his right to due process was violated. We disagree.

Defendant's argument in the instant case parallels that of the defendant in *People v. Bryant* (1989), 128 Ill. 2d 448, in which the constitutionality of the possession of a stolen motor vehicle statute was in issue. In *Bryant*, the court found that the statute raising the crime to a Class 2 felony unambiguously applied to all persons, including organized motor vehicle thieves, and was designed to protect the public from the evils of the offense and its related activities. *Bryant*, 128 Ill. 2d at 458.

■ Applying the same standard to determine whether this legislative exercise of police power meets the constitutional requirement of due process (*People v. Johns* (1992), 153 Ill. 2d 436, 444-45), we reach the same conclusion. We believe the imposition of greater sentences

and mandatory minimum terms for the possession and delivery of cocaine reflects the seriousness of the offense (*People v. Castro* (1987), 151 Ill. App. 3d 664, 667) and is reasonably designed to remedy the evils of drug trafficking and its attendant social repercussions. (See *People v. Gaither* (1991), 221 Ill. App. 3d 629; see also *People v. Morris* (1990), 136 Ill. 2d 157, 167.) Accordingly, we find no reason to depart from the presumptive validity of this legislative enactment. *People v. Taylor* (1984), 102 Ill. 2d 201, 206.

Upon arrival at this conclusion, we examined the cases cited by defendant and found them distinguishable. Unlike the situation at bar, the sentencing provisions at issue in *People v. Bradley* (1980), 79 Ill. 2d 410, and *People v. Hamm* (1992), 149 Ill. 2d 201, contravened the express legislative intent of the statutes. Defendant cites *People v. Wisslead* (1983), 94 Ill. 2d 190, and *People v. Christy* (1991), 139 Ill. 2d 172; however, these cases are factually distinguishable from the case at bar and they do not require that we reach a different outcome here.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAHILL and HOFFMAN, JJ., concur.