NO. 4-06-0694      Filed 9/24/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| CLETUS CRAIG BROWN, | ) | No. 06CF18 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott Drazewski, |
| | ) | Judge Presiding. |

_____

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

Following a June 2006 bench trial, the trial court convicted defendant, Cletus Craig Brown, of unlawful possession of a methamphetamine precursor (pseudoephedrine) with the intent to manufacture methamphetamine (720 ILCS 646/20(a)(1) (West Supp. 2005)). The court later sentenced him to an extended term of eight years in prison.

Defendant appeals, arguing only that the statute under which he was sentenced violates the proportionate-penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11). We disagree and affirm.

I. BACKGROUND

In January 2006, the State charged defendant with unlawful possession of methamphetamine manufacturing chemicals under section 401(d-5) of the Illinois Controlled Substances Act (720 ILCS 570/401(d-5) (West 2004)). In March 2006, the State moved to amend the indictment to charge defendant instead with

unlawful possession of a methamphetamine precursor under section 20(a)(1) of the Methamphetamine Control and Community Protection Act (Methamphetamine Act) (720 ILCS 646/20(a)(1) (West Supp. 2005)). Defendant did not object, and the trial court granted the State's motion.

In May 2006, defendant filed a motion to dismiss the indictment, arguing that section 20(a) of the Methamphetamine Act is unconstitutional because it provides a greater sentence for the possession of methamphetamine precursors than for the possession of an equivalent amount of methamphetamine (720 ILCS 646/60 (West Supp. 2005)). At a June 2006 hearing, the trial court denied defendant's motion to dismiss, upon finding the statute's provisions were rationally related to the purpose of the Methamphetamine Act. Defendant's bench trial immediately followed, and the parties stipulated that defendant possessed 14.9 grams of methamphetamine precursor, which he intended to use to manufacture methamphetamine. Based on this evidence, the court found defendant guilty of unlawful possession of a methamphetamine precursor. Following a July 2006 hearing, the court sentenced him as previously stated.

This appeal followed.

II. PROPORTIONATE-PENALTIES CLAUSE CHALLENGE

Defendant argues that section 20(a) of the Methamphetamine Act violates the proportionate-penalties clause because it provides the same sentence for possession of methamphetamine precursors as section 60 of the Methamphetamine Act provides for

- 2 -

possession of the equivalent weight of actual methamphetamine. We disagree.

The proportionate-penalties clause of the Illinois Constitution provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, §11. Prior to our supreme court's decision in People v. Sharpe, 216 Ill. 2d 481, 839 N.E.2d 492 (2005), a claim that a sentence violated the proportionate-penalties clause was evaluated under three separate and distinct tests: (1) whether the penalty was cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community; (2) whether the offense, when compared to a similar offense comprised of different elements, resulted in a greater penalty although the charged offense created a less serious threat to public health and safety (the cross-comparison test); or (3) whether offenses with identical elements resulted in different penalties. People v. Huddleston, 212 Ill. 2d 107, 130, 816 N.E.2d 322, 335-36 (2004). However, in Sharpe, 216 Ill. 2d at 517, 839 N.E.2d at 514, the supreme court abandoned the cross-comparison test. Thus, to succeed on his proportionate-penalties claim, defendant must show that either the penalty imposed (1) is cruel, degrading, or so wholly disproportionate to the offense that it shocks the moral sense of the community (the cruel or degrading test) or (2) differs from one imposed for an offense containing the same elements. Sharpe, 216 Ill. 2d at

521, 839 N.E.2d at 517.

Section 20(a) of the Methamphetamine Act provides, in pertinent part, as follows:

"(1) It is unlawful to possess, procure, transport, store, or deliver any methamphetamine precursor or substance containing any methamphetamine precursor in standard dosage form with the intent that it be used to manufacture methamphetamine or a substance containing methamphetamine.

***

(A) A person who possesses, procures, transports, stores, or delivers less than 15 grams of methamphetamine precursor or substance containing any methamphetamine precursor is guilty of a Class 2 felony." 720 ILCS 646/20(a)(1), (a)(2)(A) (West Supp. 2005).

Section 60(a) of the Methamphetamine Act provides, in pertinent part, as follows:

"(a) It is unlawful knowingly to possess methamphetamine or a substance containing methamphetamine.

* * *

- 4 -

　　　　　　　(2) A person who possesses 5

　　　　　　or more grams but less than 15

　　　　　　grams of methamphetamine or a sub-

　　　　　　stance containing methamphetamine

　　　　　　is guilty of a Class 2 felony."

　　　　　　720 ILCS 646/60(a), (b)(2) (West

　　　　　　Supp. 2005).

Defendant bases his disproportionate-penalties claim on the following assertion:  imposing the same level of punishment for possession of a methamphetamine precursor and possession of actual methamphetamine is shocking to the moral sense of the community.  However, by so asserting, defendant misapplies the "cruel or degrading" test and actually relies on a cross-comparison analysis, which the supreme court abolished in Sharpe.

Under the "cruel or degrading" test, a disproportionate-penalties claim must show that the penalty imposed is so wholly disproportionate to the offense committed that it shocks the moral sense of the community.  Huddleston, 212 Ill. 2d at 130, 816 N.E.2d at 335.  The test does not rely at all on whether the penalty imposed was disproportionate to the penalty available for another offense.  Moreover, defendant does not offer any argument or provide any evidence that his sentence under section 20(a)(1) of the Methamphetamine Act was cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community.  See Sharpe, 216 Ill. 2d at 524, 839 N.E.2d at 518 (indicating that the "cross-

comparison challenge and the 'cruel or degrading' challenge are separate types of proportionate[-]penalties challenges and that the latter requires only that the penalty be examined in relation to the <u>offense</u> for which it is applied" (emphasis in original)). Thus, because defendant's claim is based solely on a cross-comparison argument that the supreme court has repudiated, we reject defendant's claim that his eight-year sentence is unconstitutional under the proportionate-penalties clause.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed

APPLETON and McCULLOUGH, JJ., concur.